COLE v. COLE.

Opinion delivered March 30, 1925.

1. DIVORCE—CONCLUSIVENESS OF WIFE'S STATEMENT.—In an action by a wife for divorce on the grounds of cruel treatment and indignities, her written statement given to him at the time she left him, in which she absolved him from any charge of misconduct, held not conclusive, but merely to be considered with other testimony.

2. DIVORCE—CANCELLATION OF DEED—PARTIES.—In an action for divorce, cancellation of the husband's deed to his mother as in fraud of the wife's rights was not justified where his mother was not a party.

3. DIVORCE—ALLOWANCE OF ATTORNEY'S FEE.—Where, on the pendency of an appeal by the husband, the trial court directed the husband to pay $50 to the wife's attorney, and the decree is affirmed in so far as it allows a divorce to the wife, the amount of such fee will not be deducted from the property allowance made by the trial court.

4. DIVORCE—EFFECT OF REVERSAL IN PART.—Where a decree in a divorce case was reversed in so far as it canceled a deed from the appellant to one not a party to the suit, and remanded for further proceedings on that issue alone, this does not call for a reversal of the whole cause nor reopen the issues as to the divorce, distribution of property, and allowance of counsel fees.

5. APPEAL AND ERROR—NEWLY DISCOVERED EVIDENCE.—An application on rehearing for a new trial in a divorce case on account of newly discovered evidence will not be considered on appeal.

6. DIVORCE—PROCEEDING TO MODIFY DECREE AS TO CUSTODY OF CHILDREN.—A proceeding to modify a decree in a divorce suit as to the custody of the children, based upon newly discovered evidence not in the record, must originate in the trial court, and can be reviewed only on appeal from its decree.

Appeal from Greene Chancery Court; *Sam Costen,* Special Chancellor; reversed in part.

*Jeff Bratton,* for appellant.

*M. P. Huddleston,* for appellee.

McCULLOCH, C. J. Appellant and appellee are husband and wife, and this action was instituted by appellee (the wife), to obtain a divorce and to obtain her distributive share of appellant's property. The action originated merely as one for division of property, but

subsequently appellee filed an amended complaint praying for a divorce on the ground of cruel treatment and indignities. Appellee secured, at the commencement of the action, a temporary order from the chancery court restraining appellant from disposing of his property. It is also alleged in the complaint that appellant had fraudulently induced her to join in a conveyance of a tract of land to appellant's mother, Mrs. Angie Cole, and that this was done for the sole purpose of placing the title beyond appellee's reach in securing her rights in appellant's estate. There is a prayer for a cancellation of that deed.

Appellant filed his answer denying all the allegations of the complaint with respect to misconduct on his part, and the cause was heard by the court on oral testimony.

The parties intermarried on August 24, 1919, and lived together until the month of July, 1923, when appellee left appellant's home and went to the home of her parents, and about a month later instituted this action. They have three children—two girls and a boy—their ages running from three years down to about two months at the time of the commencement of the action.

Appellee alleged in her complaint and introduced testimony tending to prove all sorts of misconduct towards her on part of appellant. She claims that he neglected her during illness, particularly at the time of the birth of her children, subjecting her to hard work in housekeeping, failure to provide clothing, abuse, epithets; that he struck her one time with a stick; that he was jealous of her association with her friends, and denied her any privileges of going into society. All of these charges were denied by appellant, and he introduced testimony tending to show that the charges were unfounded.

The record is voluminous, and there is a large number of witnesses on each side of the controversy. No useful purpose would be served in reviewing the testimony in detail. From careful consideration of it we fail

to see that the finding of the trial court is against the preponderance of the evidence.

The contention of appellant is that appellee left of her own accord and without any cause being given, and that her sole purpose was to enter upon some career of her own, and that, when she left him, she gave him a written statement absolving him from any charge of misconduct. There is some conflict as to the circumstances under which the statement was made, but, at all events, it is not conclusive and is only to be considered along with other testimony in the case in determining whether or not appellant was in fact guilty of the misconduct charged.

Appellant is shown to be a man conducting a successful business and receiving a fairly good income, and the trial court in its final decree set aside a certain amount of personal property to appellee as her portion, and also ordered appellant to pay an attorney's fee of $150 and also to pay to appellee the sum of thirty-five dollars per month for the support of the children. The court also canceled the deed to appellant's mother, Mrs. Angie Cole, and appointed commissioners to set apart appellee's portion of one-third.

We find that the testimony justified the award of personal property to appellee, as well as the other allowances, but it was improper to cancel the deed to Mrs. Cole, for the reason that she was not a party to the action.

During the pendency of the appeal, this court made an order directing appellant to pay appellee the sum of $50, to be used in payment of attorney's fees in this court, and we reserved until final disposition of the case on the merits the question whether or not this should be deducted from the amount allowed by the trial court. We conclude that the additional sum mentioned should not be deducted, and that the original allowance made by the trial court should stand.

The decree is therefore affirmed in all things except as to the cancellation of the deed to Mrs. Cole, and that

part of the decree is reversed, and the cause remanded with directions that, unless appellee is advised to make Mrs. Cole a party to the action and does so, the complaint be dismissed as to the cancellation of the conveyance. It is so ordered.

McCulloch, C. J., (on rehearing). Appellant has filed here a certified copy of an order of the chancellor, rendered subsequent to the rendition of the decree appealed from, and in this order the custody of the children is changed from appellee to appellant, without changing, however, the order previously made by the court with respect to the payment of thirty-five dollars per month to appellee for the support of the children. It does not appear from this supplemental record, however, that the court was asked to modify the original decree in this respect, nor has there been any appeal prosecuted from the order. We are asked to modify the decree so as to eliminate the requirement for the payment of the monthly allowance to appellee, or to remand the whole cause for trial *de novo* so that the lower court can make such an order and can hear new evidence on all the issues in the case.

It is alleged in the petition for rehearing that appellant has discovered new evidence, and his counsel insist that, inasmuch as the cause has been remanded for further proceedings with respect to the cancellation of the deed to Mrs. Amgie Cole, we should remand the whole cause for further proceedings so as to afford appellant an opportunity to present this evidence.

The fact that we reversed the cause on one issue does not call for a reversal of the cause on the main issue, the evidence being sufficient to support the decree for a divorce and for distribution of property, allowance of fees, etc. Neither does the fact that appellant has discovered new evidence call for a reversal. We try chancery cases here *de novo*, but upon the record made on the trial below, and we have no authority to consider here an application for a trial *de novo* on account of newly discovered evidence, that being an original proceeding. The

same may be said with reference to appellant's application to modify the decree making a monthly allowance. That allowance is subject to change by the chancery court, and we have no authority to do so here except upon appeal from an order of the chancery court refusing to change the allowance. The question of modification of the requirement of the original decree with respect to custody of the children and allowance of alimony, etc., constitutes a new proceeding which must originate with the trial court and be brought here on appeal before we can review such proceeding. The way is open for appellant to apply to the chancery court for any change with respect to allowances that may be called for by altered circumstances of the parties.

Rehearing denied.